IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERIC LYLE WILLIAMS, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | |
| | § | No. 3:20-CV-3030-K |
| BOBBY LUMPKIN, Director, | § | (death-penalty case) |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
|     Respondent. | § | |

## ORDER ADMITTING COUNSEL *PRO HAC VICE* AND ORDER FOR PROPOSED BUDGET

Before the Court are the Applications for Admission *Pro Hac Vice*, filed by lead counsel and Attorney Danalynn Recer on November 10, 2020 (ECF no. 10), referred to the undersigned magistrate judge under a standing order of reference from U.S. District Judge Ed Kinkeade, and the status of this case. Attorney Recer was appointed under 18 U.S.C. § 3599 as lead counsel in this habeas proceeding under 28 U.S.C. § 2254, challenging the petitioner's Texas conviction and death sentence. *See* ECF no. 6. Petitioner's co-counsel Attorney Amy P. Knight's *Pro Hac Vice* motion was granted previously (ECF no. 9).

### I.  ADMISSION *PRO HAC VICE*

The requirements of Local Rules 83.9 and 83.10 have been excused (ECF no. 7). Attorney Recer is admitted to practice in the State of Texas and is a member in good standing of the State Bar of Texas. Attorney Recer's Application for Admission *Pro Hac Vice* is GRANTED.

## II.  ORDER FOR PROPOSED BUDGET

In light of the presumptive limit of $35,000 imposed by the Judicial Council of the Fifth Circuit, *Special Procedures for Reviewing Attorney Compensation Requests in Death Penalty Cases* (amended Feb. 1, 2005), the Court directs Petitioner's counsel to submit a proposed litigation budget that addresses the services of both lead and co-counsel in district court. *See* Admin. Office of the U.S. Courts, *Guide to Judiciary Policy*, Vol. 7, Pt. A, § 640 (revised May 17, 2017) ("Guide").

The proposed budget shall identify the major tasks assigned to Attorney Recer and Attorney Knight, together with a preliminary estimate of time for each, so that the Court may assess the allocation of work between them. Attorney Recer's proposed budget shall also include reasonable expenses of co-counsel, including any and all travel expenses and requests for travel authorization. Absent good cause, the Court expects Attorney Recer to handle all of the client visits because she is de facto local counsel.

The proposed budget shall incorporate reasonable and diligent efforts to minimize costs and, where appropriate, use paralegals and law clerks for tasks that do not require an attorney's expertise. Any request by Petitioner's lead or co-counsel to use the services of associate counsel must be included in the proposed budget, and identify the proposed associate by their name, their years of relevant legal experience, and their assigned tasks. *See* Misc. Order 3 at VIII(B) (N.D. Sept. 15, 2000) ("An appointed counsel may not claim compensation for services furnished by a partner or

associate, or counsel who is not a partner or associate, without prior authorization by the court.").

The proposed budget must reflect every effort to avoid the duplication of work between Attorneys Recer and Knight and must maintain a reasonable division of labor between Attorneys Recer and Knight. The Court will not accept extensive billing for duplicate services or conferences between counsel and co-counsel. Counsel are ordered to include in their proposed budget a plan for dividing up their review of the extensive state court record in a way that minimizes duplication of effort. If paralegal services are utilized to review and summarize the record, the Court expects counsel's record-review time to be reduced.

Petitioner's proposed budget should not include investigative, expert, or other services to be conducted by investigators or experts. Any requests for the authorization of such services shall be made separately in accordance with 18 U.S.C. § 3599(f). *See* Guide, § 660.20. Nothing in this order authorizes the ex parte consideration of such requests without a proper showing concerning the need for confidentiality under § 3599(f).

In accordance with the above, the Court:

1. **grants** Attorney Recer's Application (ECF No. 10);

2. **directs** the clerk of court to deposit the application fee to the account of the Non-Appropriated Fund of this Court;

3. **orders** counsel to file a proposed budget ex parte and under seal within sixty days of the date of this order; and

4. **directs** the clerk of court to serve this order on both of Petitioner's counsel.

**SO ORDERED**.

**DATED**:   November 17, 2020.

_____
Rebecca Rutherford
United States Magistrate Judge

4