IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERIC LYLE WILLIAMS | § | |
| | § | |
| V. | § | No. 3:20-CV-3030-N |
| | § | |
| BOBBY LUMPKIN, | § | |
|     Director, TDCJ-CID | § | |

**ORDER APPOINTING LEAD COUNSEL**
**WITH ORDER OF REFERENCE**

This case opened on a Motion for Appointment of Counsel (ECF No. 1), for the purpose of filing an application for federal habeas corpus relief on behalf of Texas death-row inmate, Eric Lyle Williams. The Court granted the motion and, upon the written recommendation of the Federal Public Defender and the Supervisor of its Capital Habeas Unit, the Court appointed Danalynn Recer, Esq. as lead counsel pursuant to 18 U.S.C. § 3599(a)(2). *See* Order Appointing Counsel and Setting Deadlines (ECF No. 6).

Serious matters that call into question Ms. Recer's qualifications and fitness to act as lead counsel have come to the Court's attention. *See, e.g., United States v. De la Cerda*, No. 4:15-CR-564, 2020 WL 2616573 (S.D. Tex. May 22, 2020) (Lake, J.) (ordering Recer, who was terminated as capital trial counsel, not to file any additional instruments without leave of court); *Wessinger v. Cain*, No. 3:04-CV-637 (M.D. La. Oct. 21, 2014) (Brady, J.) ("Ruling," ECF No. 180) (removing Recer as capital habeas

counsel for neglecting work on the case). The matters raise ethical as well as competency concerns about Ms. Recer and include allegations of "hobbling" replacement counsel's plea-bargaining efforts and the failure to comply with court orders. *See De la Cerda*, 2020 WL 2616573, at *4-6. Furthermore, Ms. Recer did not reveal these matters in her Application for Admission Pro Hac Vice. *See* ECF No. 10.

Williams's habeas corpus application is due September 15, 2021. ECF No. 6, p. 3. The case files are unprecedented in size. A team of prosecutors pro tem prosecuted Williams for the murders of Kaufman County Assistant District Attorney Mark Hasse, Kaufman County District Attorney Michael McClelland, and his wife, Cynthia McClelland. A state and federal intra-agency task force, including the Texas Rangers and the FBI, conducted the investigation. Discovery includes 25 terabytes of electronic data, and trial counsel's files compromise another 320 gigabytes of data. *See* ECF No. 1, p. 2-3. The Texas Court of Criminal Appeals granted Williams 420 days of additional time to meet the state habeas filing deadline due to the extraordinary nature of the case. *Id.* at 3.

In the interests of justice and the work that lies ahead, and in accordance with the Court's discretion to determine matters related to the appointment of counsel, the Court finds that good cause exists for appointing new lead counsel pending its reconsideration of Ms. Recer's appointment. The Court further finds that attorney Bruce E. Anton possesses the background, knowledge, and experience to enable him

to represent Petitioner with due consideration to the seriousness of the possible penalty and the unique and complex nature of the litigation, and is qualified and willing to accept this appointment as lead counsel.

Accordingly, the Court **APPOINTS Bruce E. Anton** as lead counsel to represent Petitioner in this case. Appointed counsel are entitled to compensation (currently at the hourly rate of $195) in accordance with Volume 7, Part A, Chapter 6 of the Guide to Judiciary Policy and such compensation is controlled by the Judicial Council's *Special Procedures for Reviewing Attorney Compensation Requests in Death Penalty Cases* (amended Feb. 1, 2005).

Proposed Case Budget: The deadline for submitting a proposed case budget is extended to February 1, 2021. As soon as is practicable, Mr. Anton should contact the Fifth Circuit Case Budgeting Attorney Meg Alverson at (504) 310-7799 or Margaret_Alverson@ca5.uscourts.gov for assistance in preparing a case budget.

Scheduling Order: The Court's Scheduling Order, which is included in the order appointing Ms. Recer (ECF No. 1, p. 2-6), is incorporated by reference and remains in effect.

Transfer of Client's File: The Court orders Ms. Recer to immediately transfer the client's entire case file to Mr. Anton.

<u>Client Visits</u>: Until further order of the Court, Ms. Recer shall not communicate or visit with Petitioner absent prior notice to Mr. Anton and the opportunity for Mr. Anton to be present during any communication or visit.

<u>Referral:</u> Under the authority of 28 U.S.C. § 636(b), the Court **REFERS** the matter of reconsidering Ms. Recer's appointment and pro hac vice status to Magistrate Judge Rebecca Rutherford for a hearing and a determination or recommendation.

The **CLERK** shall send a copy of this Order via first-class mail with a receipt acknowledgment card enclosed or attached to Petitioner Williams.

The **CLERK** shall send a copy of this Order and the CJA 30 form to lead counsel, Bruce E. Anton.

**SO ORDERED.**

**Signed 16th** day of December, 2020.

_____
DAVID C. GODBEY
UNITED STATES DISTRICT JUDGE