IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERIC LYLE WILLIAMS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | No. 3:20-CV-3030-N |
| BOBBY LUMPKIN, Director, Texas | § | |
| Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

ORDER DENYING WITHOUT PREJUDICE MOTION FOR INVESTIGATIVE FUNDING

The matter before the Court is Petitioner's motion filed February 25, 2021 (ECF no. 25) requesting an unspecified amount of funding for two investigators (mitigation specialists) to interview Petitioner and conduct an investigation of unspecified duration and scope into the existence of potentially mitigating evidence relating to Petitioner.

Title 18 U.S.C. Section 3599(f), in conjunction with Section 3599(g)(2), authorizes this Court, with very specified statutory limitations, to authorize counsel appointed in a capital habeas corpus proceeding to retain the services of investigators if such services are "reasonably necessary." The determination of what is reasonably necessary requires a court to consider (1) the potential merit of the claims to be investigated; (2) the likelihood that the services sought will generate useful and admissible evidence; and (3) the prospect the petitioner will be able to overcome any procedural hurdles standing in the way of a merits determination. *Ayestas v. Davis*, 933 F.3d 384, 388-89 (5th Cir. 2019). Requests for funding must relate to a potentially viable federal habeas claim. *Nelson v. Davis*, 953 F.3d 651, 666-76 (4th Cir. 2020). Therein lies the rub for Williams.

His motion seeking investigative funding does not specify the total amount of funding he seeks. Nor does it attempt to even estimate the number of hours he believes his two designated investigators (mitigation specialists) will require to conduct a thorough search for additional mitigating evidence in his case. In fact, Williams alleges no specified facts showing either (1) what new or additional mitigating evidence he believes might possibly exist or (2) how such evidence is related to any potential federal habeas claim currently available to him (i.e. not procedurally defaulted, not barred by limitations, or not otherwise precluded from federal habeas review) in this proceeding. Essentially, Williams asks this Court to write him a blank check.

While he implies that there was absolutely no investigation into potentially mitigating evidence undertaken by his trial counsel prior to trial, Williams' motion makes no mention of the mitigation evidence, if any, actually presented during the punishment phase of his state capital murder trial. He does not allege that his trial counsel wholly failed to present any mitigating evidence during his capital murder trial. Nor does Williams state whether his trial counsel had the assistance of any investigators, mental health professionals, or other experts as they developed their case in mitigation in connection with Williams' state trial. As the Supreme Court has admonished, a federal habeas corpus proceeding is not a forum for retrying every aspect of a state criminal proceeding. The criminal trial is the main event where a defendant's rights are to be determined and not simply a tryout on the road to appellate (or habeas) review. *Davila v. Davis*, 137 S. Ct. 2058, 2066 (2017).

Under AEDPA, the proper place for development of the facts supporting a federal habeas claim is the state court. *See Harrington v. Richter*, 562 U. S. 86, 103 (2011) ("Section 2254(d) thus complements the exhaustion requirement and the doctrine of procedural bar to ensure that state proceedings are the central process, not just a preliminary step for a later federal habeas

proceeding."); *see also Hernandez v. Johnson*, 108 F.3d 554, 558 n.4 (5th Cir. 1997) (holding AEDPA clearly places the burden on a federal habeas petitioner to raise and litigate as fully as possible his federal claims in state court). Furthermore, where a petitioner's claims have been rejected on the merits in state court, further factual development in federal court is effectively precluded by virtue of the Supreme Court's holding in *Cullen v. Pinholster*, 563 U. S. 170, 181-82 (2011):

> We now hold that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. Section 2254(d)(1) refers, in the past tense, to a state-court adjudication that "resulted in" a decision that was contrary to, or "involved" an unreasonable application of, established law. This backward-looking language requires an examination of the state-court decision at the time it was made. It follows that the record under review is limited to the record in existence at that same time *i.e.,* the record before the state court.

Thus, a petitioner is not entitled to a federal evidentiary hearing on any of his claims which were rejected on the merits by the state courts, either on direct appeal or during his state habeas corpus proceeding. *See Halprin v. Davis*, 911 F.3d 247, 255 (5th Cir. 2018) ("If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court." (quoting *Cullen*, 563 U.S. at 185)), *cert. denied*, 140 S. Ct. 167 (2019).

Williams has yet to file a proposed budget in this case. Nor has he identified with any reasonable degree of specificity the claims that he intends to present in his original federal habeas corpus proceeding. Without at least some explanation as to the potentially viable claims he wishes to explore through investigation into mitigating evidence or any explanation as to how the investigation he has requested might possibly support those claims, Williams has failed to allege specific facts which satisfy any of the three criteria set forth by the Fifth Circuit in *Ayestas*. In fact, he has failed to identify any potential federal habeas claims to which his rather vaguely

3

identified investigative services might relate. Under such circumstances, his motion seeking authorization for an unlimited amount of investigative funding will be denied without prejudice.

It is hereby ORDERED that Williams' motion for authorization of investigative funding, filed February 25, 2021 (ECF no. 25), is DENIED without prejudice

SIGNED March 1, 2021.

_____
**DAVID C. GODBEY**
**UNITED STATES DISTRIC JUDGE**