IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERIC LYLE WILLIAMS | § | |
| | § | |
| V. | § | Case No. 3:20-cv-3030-N |
| | § | |
| BOBBY LUMPKIN, | § | |
|     Director, TDCJ-CID | § | |

## ORDER

Before the Court by Order of reference are matters pertaining to the Order (Doc. 6) appointing Danalynn Recer as federal habeas counsel for Petitioner Eric Lyle Williams in this challenge to his capital murder conviction and death sentence and the Order (Doc. 11) granting her application for admission pro hac vice. *See* Order Appointing Lead Counsel with Order of Reference (Doc. 15). On December 17, 2020, the undersigned ordered Ms. Recer to show cause why the Court should not terminate her appointment and revoke her pro hac vice status. *See* Order to Show Cause (Doc. 16).

Ms. Recer filed her response to the Show Cause Order on December 23, 2020 (Doc. 18), and the Court held a hearing on January 14, 2021, at which Ms. Recer presented oral argument and answered questions from the Court. Ms. Recer then filed a sealed, ex parte post-hearing brief on January 21, 2021 (Doc. 22.). After considering Ms. Recer's response, oral argument, and post-hearing brief, the Court reconsiders only the motion to appoint Ms. Recer (Doc. 1) and concludes that it

should be denied and the appointment terminated. The Court takes no action on Ms. Recer's pro hac vice application at this time.

## Reconsideration of Appointment

This case opened on a motion to appoint Ms. Recer as lead counsel and Amy Knight as co-counsel. *See* Doc. 1. The motion was filed by Benjamin Wolff, Director of the Texas Office of Capital and Forensic Writs, which represented Petitioner in state habeas corpus proceedings. The Supervisor of the Capital Habeas Unit (CHU) of the Federal Public Defender for the Northern District of Texas, Jeremy Schepers, endorsed the appointment of Ms. Recer in a letter to this Court dated October 9, 2020. The CHU was unable to accept the appointment due to a conflict of interest. The Court granted the motion to appoint Ms. Recer and Ms. Knight on October 13, 2020. *See* Doc. 6.

Mr. Wolff's motion and Mr. Schepers's recommendation failed to disclose information which, had it been disclosed or otherwise known to the Court, would have led the Court to appoint someone other than Ms. Recer's as lead counsel.[1]  *See* Order Appointing Lead Counsel with Order of Reference (Doc. 15) (citing *United States v. de la Cerda*, 2020 WL 2616573, No. 4:15-CR-564-26 (S.D. Tex. May 22,

---

[1] In addition to Mr. Wolff and Mr. Scheper, Texas Regional Habeas Assistance and Training Counsel, Jim Marcus, endorsed Ms. Recer as counsel for Petitioner. Mr. Marcus asserted that he was not privy to the details of the "under-seal orders" mentioned in the District Judge's referral order. (Doc. 18-4.) The materials discussed in the referral order are not under seal, however, but are publicly available on PACER or Westlaw.

2020) (Lake, J.) (Memorandum Opinion and Order, Doc. 1275); *Id*. No. 4:15-CR-564-26 (S.D. Tex. Apr. 2, 2020) (Conclusions and Order, Doc. 1235); *Wessinger v. Cain*, No. 3:04-CV-637 (M.D. La. Oct. 21, 2014) (Brady, J.) (Ruling, Doc. 180); *United States v. Sampson,* 68 F. Supp. 3d 233, 238-41 (D. Mass. 2014) (Wolf, J.) (Memorandum and Order Concerning Continuance)). The Court makes no finding about the sealed material in any of these cases, finding only that it would not have appointed Ms. Recer as lead counsel had the public information been known to it.

At the time the District Judge referred this matter, he also appointed Bruce Anton as lead counsel. *See* Doc. 15. One week later, the District Judge appointed Mary Margaret Penrose as co-counsel and clarified that Amy Knight remains on the case as co-counsel. Doc. 17. Petitioner is now represented by three qualified capital habeas counsel. Petitioner received notice by mail of the order appointing Mr. Anton as well as the show cause order. The Court has received no indication from Petitioner or any of his counsel that he opposes Ms. Recer's removal.

Ms. Recer stated that she has had no contact with Petitioner since the Show Cause Order issued on December 17, 2020, and that Mr. Anton has had access to the case files through Ms. Knight. The current deadline for filing the habeas corpus petition is September 15, 2021. Although the case appears to be unprecedented in terms of the resources and time expended in state court litigation, the Court finds that the services of a fourth learned counsel are not reasonably necessary at this time.

3

Ms. Recer asserts, without supporting authority, that terminating her appointment would be tantamount to a finding that she may never be appointed to represent another federal habeas petitioner or criminal defendant. Briefing, p. 6. But the Court has made no findings regarding her qualifications to represent capital habeas corpus petitioners or defendants in future cases.

Ms. Recer also asserts that the Court may not terminate her appointment *sua sponte* because the appointing statute provides:

> Unless replaced by similarly qualified counsel *upon the attorney's own motion or upon motion of the defendan*t, each attorney so appointed shall represent the defendant throughout every subsequent stage of available judicial proceedings . . . .

18 U.S.C. § 3599(e) (emphasis added).

The Court disagrees that § 3599(e) prohibits the reconsideration of counsel's appointment. As Ms. Recer notes in her post-hearing brief, the statutory mandate is directed to the appointed attorney, not the court. *See* Briefing, p. 10. As such, the text governs the scope of *counsel's* obligations and does not preempt the court's exercise of discretion over appointments. *See Harbison v. Bell*, 556 U.S. 180, 185 (2009) (holding that § 3599(e) governs the scope of appointed counsel's duties). Ms. Recer's interpretation of § 3599(e) would effectively confer on petitioners a right to counsel of their choice, and the Supreme Court has made it clear that capital habeas petitioners have no such right. *Christenson v. Roper*, 574 U.S. 373, 377 (2015).

4

Citing *Harling v. United States,* 387 A.2d 1101, 1105 (D.C. 1978), Ms. Recer argues that appointed counsel may not be removed over the lawyer's objection and without a request from the client absent "gross incompetency or physical incapacity of counsel or contumacious conduct that cannot be cured by a citation for contempt." *See* Briefing, p. 12-13. This and other cases cited in support of this argument are inapt because they rely on the Sixth Amendment right to counsel at trial or involve attorney disciplinary measures such as suspension, or both. Here, Petitioner's right to counsel is governed by statute rather than the Constitution and, as discussed below, the Court declines to reconsider Ms. Recer's pro hac vice status.

The discretion to reconsider Ms. Recer's appointment in light of newly-received information may be found in the authorities that permit the removal of a trial attorney after the government gives notice of intent not to seek the death penalty. *Cf. United States v. Stewart*, 2012 WL 5289375, *1 (La. E.D. Oct. 23, 2012) (not reported) (Brown, J.) (holding that court has broad discretion to determine whether defendant may retain additional counsel); Admin. Office of the U.S. Courts, *Guide to Judiciary Policy*, Vol. 7, Pt. A, § 630.30.20 (providing that the court should make an appropriate reduction of counsel when the death penalty is not sought). Additionally, contrary to Ms. Recer's assertions, there is no right to counsel of choice. *Christeson,* 574 U.S. at 377 (Congress has not conferred capital

habeas petitioners with the right to counsel of their choice). "Instead, the statute leaves it to the court to select a properly qualified attorney." *Id.*

Where, as here, Ms. Recer had been appointed as counsel for only sixty-five days and information has come to light that would have precluded her appointment in the first place, and a sufficient number of qualified counsel remain, including the originally appointed co-counsel, and there is no objection from the Petitioner, the Court finds that the termination of Ms. Recer's appointment serves the interests of justice without infringing on Petitioner's statutory right to counsel under § 3599.

### Pro Hac Vice Status

Ms. Recer has informed the Court that she believes she was previously admitted to the bar of this Court. She has entered prior appearances in this Court as appointed counsel, although her status for those appointments is not known, and she continues to search for documentation of her admission. It would be imprudent to reconsider Ms. Recer's pro hac vice status without complete information concerning the need for that status. Moreover, such reconsideration is unnecessary because her appointment in this case has been terminated.

**SO ORDERED.**

**Signed** March 15, 2021.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

6