UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ERIC LYLE WILLIAMS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) No. 3:20-CV-3030-N |
| | ) |
| BOBBY LUMPKIN, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | ) ) ) ) |
| | ) |
| Respondent. | ) |

**RENEWED MOTION FOR TRAVEL AUTHORIZATION**

BRUCE ANTON
Bar Card No. 01274700
UDASHEN | ANTON
8150 N. Central Expressway, Suite M1101
Dallas, Texas 75206
214-468-8100
214-468-8104 fax
ba@udashenanton.com

MARY MARGARET PENROSE
Bar Card No. 00788179
TEXAS A&M SCHOOL OF LAW
1515 Commerce Street
Fort Worth, Texas 76102
972-310-8669
817-212-3965
megpenrose@law.tamu.edu

AMY PICKERING KNIGHT
AZ Bar Card No. 031374
Admitted *pro hac vice*
KNIGHT LAW FIRM PC
3949 E. Broadway Blvd., Suite 288
Tucson, Arizona 85716
520-878-8849
amy@amyknightlaw.com

Attorneys for Petitioner

1

**This is a renewed version of the request filed May 6, 2021 (Doc #41). Added material is in bold face.** Appointed counsel Amy P. Knight renews her request for authorization to travel from Tucson, Arizona to Dallas, Texas for the purposes of (1) meeting with Mr. Williams, which she has thus far been unable to do since her appointment in October of 2020; (2) meeting with the State's counsel from state habeas proceedings to review the State's extensive paper file; (3) interviewing witnesses located in the Dallas area, to include members of Mr. Williams's prior defense teams and his father; (4) visiting the crime scenes; and (5) meeting and reviewing documents with co-counsel. **This request is for travel expenses only. Ms. Knight is not requesting changes to the Circuit-approved case budget and does not intend to bill for the time required to travel between Arizona and Texas.**

Counsel is cognizant of the fact that co-counsel located in Dallas can and should conduct the majority of in-person client visits and local investigation, but appointed counsel requires at least an initial opportunity to confer with her client in person, especially because Ms. Knight's work on the case is largely focused on mitigation-related topics, which are uniquely sensitive and can be discussed effectively only in person.[1] Certain conversations concerning the facts of the case cannot be conducted via telephone conversations that are only semi-private.[2] Additionally, because Ms. Knight is the only attorney who has continued to represent Mr. Williams from the beginning of these proceedings and is continuing to assist him as he establishes a new relationship with lead counsel appointed after the removal of his prior attorney, maintenance of a significant and confidential relationship is especially necessary. The Polunsky Unit where Mr. Williams is housed

---

[1] The 2003 ABA Guidelines for the Appointment and Performance of Counsel in Death Penalty Cases provide that "'Client contact must be ongoing, and include sufficient time spent at the prison to develop a rapport between attorney and client." Commentary to Guideline 10.5.
[2] Counsel has conducted a series of telephone calls with Mr. Williams and can often hear voices in the background.

has continued to revise its visiting rules in light of the COVID-19 pandemic, and counsel will make every effort to maximize time spent with him during this trip.

Ms. Knight also has the longest and deepest experience with the case materials and can thus make the most productive and efficient evaluation of the State's file. This file review cannot be accomplished remotely because the prosecutors in this case maintained a paper file that is not fully available in electronic format, and is especially essential because the management of information has continued to be an important issue in this case. Based on prior counsel's experience and preliminary discussions with the State's counsel from state habeas proceedings, this review is expected to take several days. Finally, Mr. Williams's father is 92 years old and has reportedly become increasingly hard of hearing, and it thus behooves counsel to interview him at the earliest opportunity.

**As reflected in the Circuit-approved case budget, Ms. Knight has primary responsibility for mitigation work in this case. This work requires building a trusting relationship with the client, and meeting face to face—at least once—is essential to that trust. Moreover, if Texas-based counsel did these tasks, the attorneys would then be required to spend duplicative time relaying the information to Ms. Knight, instead of having the attorney who primarily needs the information for the tasks allotted to her in the Circuit-approved budget collect it directly.**

This authorization request encompasses airfare (either round-trip Tucson to Dallas or Tucson to Dallas one way, and Houston (closer to prison) to Tucson on return, depending on the prison's evolving visiting rules), **four nights' hotel stay** (most likely **2 nights in the Dallas area, 2 in the Huntsville/Livingston area** in proximity to the prison where Mr. Williams is housed, subject to changes in the prison's rules), and reasonable expenses for meals and local

3

transportation, such as car rental. Every effort is being made to use resources efficiently, and to accomplish as many local tasks as possible in a single trip to avoid the need for significant future travel. A proposed Travel Authorization form is attached to this motion.

Dated: May 23, 2021

Respectfully submitted,

/s/ Amy Pickering Knight
AMY PICKERING KNIGHT
AZ Bar Card No. 031374
Admitted *pro hac vice*
KNIGHT LAW FIRM PC
3949 E. Broadway Blvd., Suite 288
Tucson, Arizona 85716
520-878-8849
amy@amyknightlaw.com

Attorney for Petitioner