IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERIC WILLIAMS, | § | |
|       *Petitioner*, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 3:20-cv-3030-N |
| BOBBY LUMPKIN, Director, | § | (Death Penalty Case) |
| Texas Department of Criminal | § | |
| Justice, Correctional Institutions | § | |
| Division, | § | |
|       *Respondent*. | § | |

**RESPONDENT LUMPKIN'S DISCOVERY OPPOSITION**

Eric Williams is a death-sentenced Texas inmate. He wants discovery related to the postconviction reinterpretation of DNA testing conducted in his case. *See* Pet'r's Mot. Leave File Subpoena Duces Tecum for DNA Materials 2–9, ECF No. 71 [hereinafter "Disc. Mot."]. The Director opposes.

**I.     The Discovery Standard**

"A habeas petitioner . . . is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Rule 6 of the Rules Governing Section 2254 Cases provides the standard—a federal habeas "judge may, for good cause, authorize a party to conduct discovery." Rule 6(a), 28 U.S.C. foll. § 2254. Good cause, in turn, may be found "'where specific allegations . . . show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.'" *Bracy*, 520 U.S. at 908–09 (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)). "[T]he

scope and extent of such discovery is a matter confided to the discretion of the District Court." *Id.* at 909.

## II. Williams's Discovery Request Is Premature and Conclusory.

Williams doesn't cite a single scrap of law or engage the standard for granting discovery in habeas cases. Thus, it is not clear why Williams wants the discovery he requests. It may be to "locat[e] potential *Brady* evidence." Disc. Mot. 8. Or it may be to "fully assess the significance of the DNA reinterpretations." *Id.* Or it may be to "further support a third-party defense." *Id.* at 9. But whatever the reason, the request is premature. "Discovery is tied to the pleadings, particularly in habeas litigation, which does not allow discovery as an investigative tool to identify habeas claims." *Cole v. Davis*, No. H-17-940, 2018 WL 6019165, at *2 (S.D. Tex. Nov. 16, 2018) (Rosenthal, C.J.). Like the petitioner in *Cole*, Williams "has not identified authority designating discovery as a tool for preparing (or in this case, amending) a federal habeas petition." *Id.* at *3. Williams's discovery request should be denied as premature.

The discovery request should also be denied as conclusory. "Before addressing whether [a] petitioner is entitled to discovery," a court "must first identify the 'essential elements' of th[e] claim" for which discovery is sought. *Bracy*, 520 U.S. at 904. Here, that is impossible because Williams doesn't link his discovery request with a claim, just with hints of one or two. That prevents

2

the Court from engaging in the first step of the legal inquiry—identifying the essential element of his claim or claims—and thus his discovery request should be denied as conclusory.

### III. Because Any New Claim Is Procedurally Defaulted and Untimely, Discovery Should Be Denied.

"As a threshold matter . . . a court must also take into account the procedural posture of an inmate's claims. A petitioner cannot show good cause if a federal court cannot reach the merits of the disputed claims." *Thompson v. Stephens*, No. H-13-1900, 2014 WL 2765666, at \*2 (S.D. Tex. June 18, 2014) (Miller, J.) (citing *Rucker v. Norris*, 563 F.3d 766, 771 (8th Cir. 2009); *Williams v. Bagley*, 380 F.3d 932, 975 (6th Cir. 2004)). Here, Williams seems to suggest that this discovery would possibly be relevant to a yet unpled *Brady* or actual innocence claim. *See* Disc. Mot. 8–9. But neither was raised in state court, so they are procedurally defaulted in this Court. *See, e.g.*, *Neville v. Dretke*, 423 F.3d 474, 480 (5th Cir. 2005). And neither was in Williams's initial federal petition, so they are untimely and there is no relation back. *See, e.g.*, *Mayle v. Felix*, 545 U.S. 644, 662–64 (2005). Because Williams's possible *Brady* and actual innocence claims are procedurally defaulted and untimely, he "cannot show good cause for discovery on a claim in a federal court" because "procedural impediments preclude considering the merits of that claim." *Cole*, 2018 WL

3

6019165, at *4. As such, discovery should be denied as the possible claims are procedurally defaulted and time barred.

## IV. Because New Evidence Cannot Be Considered Under 28 U.S.C. § 2254(e)(2), Discovery is Pointless.

Section 2254(e)(2) "restricts the discretion of federal courts to consider new evidence when deciding claims that were not adjudicated on the merits in state court. *Cullen v. Pinholster*, 563 U.S. 170, 186 (2011). This bar is triggered if the petitioner "has failed to develop the factual basis of a claim in State court proceedings. 28 U.S.C. § 2254(e)(2). The opening clause is met if the prisoner "was at fault for failing to develop the factual bases for his claims in sate court, *Bradshaw v. Richey*, 546 U.S. 74, 79 (2005) (per curiam), meaning a "lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel," *Williams v. Taylor*, 529 U.S. 420, 432 (2000).

Williams maybe suggests that state habeas counsel were ineffective for failing to follow up on the DNA reinterpretation results. *See* Disc. Mot. 7 ("Although the Office of Capital Writs was advised of this development, the attorneys were too swamped to investigate the new DNA results." (citation omitted)). But if Williams is correct that his state habeas counsel was ineffective for not reviewing the DNA reinterpretation results or possibly raising a claim based on them, § 2254(e)(2)'s opening clause has been triggered. And Williams fails to meet an exception to this evidentiary restriction—relying

4

on a new, retroactive rule of constitutional law or being unable to discover the factual basis of his claim using diligence combined with actual innocence. § 2254(e)(2)(A)–(B). Accordingly, because the Court cannot consider whatever might be produced in discovery, the Court should not grant it.

### V. Because Williams's Possible Claims Are Without Merit, He Fails to Show Good Cause.

Again, Williams fails to explicitly link his request for the DNA documentation to any claim. But if he's alleging a *Brady* claim, *see* Disc. Mot. 8, it cannot succeed. And that's because the reinterpretation of the DNA testing results occurred *after* trial. *See* Disc. Mot. Ex. 3. This is important because evidence that did not exist at the time of trial cannot be suppressed, nor could it have been introduced for purposes of establishing materiality. *See, e.g.*, *Brogdon v. Blackburn*, 790 F.2d 1164, 1168 (5th Cir. 1986) ("The prosecution has no duty to turn over to the defense evidence tat does not exist."). It is also important because *Brady* does not apply at all to evidence discovered for the first time after conviction. *See Dist. Att'y's Off. for Third Jud. Dist. v. Osborne*, 557 U.S. 52, 68–69 (2009). There's no way Williams can prevail on a *Brady* claim based on evidence that didn't exist at the time of trial.

To the extent that Williams is trying to prove up an actual innocence claim, *see* Mot. Disc. 9, that too is meritless. For one, the claim doesn't exist in federal habeas. *See, e.g.*, *United States v. Shepherd*, 880 F.3d 734, 740 (5th Cir.

5

2018); *Coleman v. Thaler*, 716 F.3d 895, 908 (5th Cir. 2013). For another, the best that Williams can muster from the reinterpretation is that there are now some *inconclusive* results when there used to be exclusions. *See* Mot. Disc. 3–7. Considering the strong evidence[1] that Williams murdered the McLellands, that someone else's DNA is *inconclusively* found on various items doesn't prove, clearly and convincingly, that Williams is innocent. Because neither of these possible claims have any merit, they cannot justify Williams's discovery request and it should be denied.

## CONCLUSION

For the reasons above, Williams's request for discovery should be denied.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

JOSH RENO
Deputy Attorney General
For Criminal Justice

---

[1] Amongst other evidence, (1) Williams had a strong motive to kill Mike McLelland as McLelland's prosecution of Williams led to him losing his judgeship, law license, and Texas Guard position, 1.Supp.SHCR-01, at 11; (2) Williams had gunshot residue on his hands hours after the murders, *id*. at 11; (3) tool marks linked a live round of ammunition found in a storage unit rented for Williams to the spent shell casings recovered at the McLellands crime scene, *id*. at 13–14; (4) video showed a Crown Victoria associated with Williams leaving the storage facility shortly before and returning shortly after the murders, *id*. at 15–16; and (5) and his wife testified that Williams killed the McLellands and that she helped, *id*. at 25–26.

EDWARD L. MARSHALL
Chief, Criminal Appeals Division

s/ Matthew Ottoway
MATTHEW OTTOWAY
Assistant Attorney General
   *Counsel of Record*
Assistant Attorney General
State Bar No. 24047707

Post Office Box 12548, Capitol Station
Austin, Texas 78711
Tel: (512) 936-1400
Fax: (512) 936-1280
Email: matthew.ottoway@oag.texas.gov

*Counsel for Respondent*

## CERTIFICATE OF SERVICE

I do herby certify that on March 11, 2022, I electronically filed the foregoing pleading with the Clerk of the Court for the U.S. District Court, Northern District of Texas, using the electronic case-filing system of the Court. The electronic case-filing system sent a "Notice of Electronic Filing" (NEF) to the following counsel of record, who consented in writing to accept the NEF as service of this document by electronic means:

Bruce Anton
UDASHEN | ANTON
8150 N. Central Expressway, Suite M1101
Dallas, Texas 75206
*ba@udashenanton.com*

Mary Margaret Penrose
TEXAS A&M SCHOOL OF LAW
1515 Commerce Street
Fort Worth, Texas 76102
*megpenrose@law.tamu.edu*

Amy Pickering Knight
KNIGHT LAW FIRM PC
3949 E. Broadway Boulevard
Tucson, Arizona 85716
*amy@amyknightlaw.com*

                                         s/ Matthew Ottoway
                                         MATTHEW OTTOWAY
                                         Assistant Attorney General